**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**

CASE NO.: _____

SARAH WATKINS, an Illinois
resident, individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

HENKEL CORPORATION d/b/a
HENKEL NORTH AMERICAN
CONSUMER GOODS f/k/a THE DIAL
CORPORATION, a Delaware corporation,

    Defendant.

_____/

**JURY TRIAL DEMANDED**

**CLASS ACTION COMPLAINT**

Plaintiff Sarah Watkins ("Ms. Watkins" or "Plaintiff") brings this class action against Defendant Henkel Corporation d/b/a Henkel North American Consumer Goods f/k/a The Dial Corporation ("Henkel" or "Defendant"), as to its "virtual try-on" feature on the website of its hair cosmetic brand Schwarzkopf, www.schwarzkopf.com, pursuant to the Illinois Biometric Information Privacy act, 740 ILCS § 14/1 *et seq.*, and alleges, based upon personal knowledge as to herself and her own acts and experiences, and on information and belief as to all other matters based upon, *inter alia*, the investigation of counsel, as follows:

**INTRODUCTION**

1.    This is a class action brought by an Illinois citizen against the U.S.-based corporation Henkel Corporation, for collection without prior consent of the facial geometry data of Plaintiff and a potential class of other visitors to Schwarzkopf's websites who used the Virtual Try-On feature.

2.  The Illinois General Assembly passed the Biometric Information Privacy Act of 2008, 740 ILCS § 14/1 *et seq*. ("BIPA") in response to the increasing prevalence and proliferation of collection of biometric information without prior consent.

3.  BIPA recognizes that biometric information is "unlike other unique identifiers that are used to access finances or other sensitive information," in that it cannot be changed and is "biologically unique to the individual." 740 ILCS § 14/5(c). In contrast to a compromised social security number, which can be changed, an individual whose biometrics are compromised "has no recourse" and "is at heightened risk for identity theft." *Id*. The General Assembly noted that "[t]he full ramifications of biometric technology are not fully known." *Id.* § 14/5(e). Therefore, "[t]he public welfare, security and safety will be served by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." *Id.* § 14/5(f).

4.  In addition to a fingerprint or voiceprint, BIPA's definition of "biometric identifiers" includes "a scan of hand or face geometry." *Id.* § 14/10.

5.  "Biometric information" is "any information, regardless of how it is captured, converted, stored, or shared, based on an individuals' biometric identifier and used to identify an individual." *Id*.

6.  Through the Virtual Try-On feature, visitors to Schwarzkopf's websites—including Plaintiff and the other Class members—can view themselves with different Schwarzkopf hair products and shades of hair dye applied to their hair. All a user must do is enable his or her computer or phone camera to take a photo to be used by the website or upload a photo to the website.

7. But, unbeknownst to the website user—including Plaintiff and the other Class members—Defendant collects detailed and sensitive biometric identifiers and information, including complete facial scans, of its users through the Virtual Try-On feature, and it does this without first obtaining their consent, or informing them that this data is being collected.

8. In addition, and in direct violation of BIPA, Defendant does not provide users with a schedule setting out the length of time during which their biometric information or biometric identifiers will be collected, stored, used, or will be destroyed.

## PARTIES

9. Plaintiff Watkins is, and at all times relevant hereto was, a natural person and a permanent resident of the state of Illinois. She is 39 years old, has lived in the State of Illinois her entire life, and has resided in Peoria, Illinois since January 2022. On at least three occasions from about September 2021 to about April 2022, from her home in Peoria, Illinois, Ms. Watkins used Schwarzkopf's virtual try-on feature on www.schwarzkopf.com. She did not buy a product from Schwarzkopf.

10. Defendant Henkel is, and at all times relevant hereto was, a corporation organized and validly existing under the laws of Delaware with its headquarters and principal place of business at One Henkel Way, Rocky Hill, Connecticut, 06067. Henkel conducts business throughout the United States, including in this District. Until 2018, Henkel was known as The Dial Corporation. Schwarzkopf is one of the brands owned by Henkel. Schwarzkopf's products are available at retail stores throughout the United States and Illinois.

## JURISDICTION AND VENUE

11. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because the members of the putative class are of diverse citizenship from Defendant, there are more than

100 members of the putative class, and the aggregate amount in controversy exceeds $5,000,000, exclusive of costs and interest.

12. The Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the privilege of conducting business in the state of Illinois, by providing its online virtual try-on feature for customers in Illinois and using it to collect biometric data from Illinois residents while they were in Illinois.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events, omissions, and acts giving rise to the claim occurred in this District. Moreover, Plaintiff resides in this District.

## FACTUAL ALLEGATIONS

14. The Schwarzkopf brand is an umbrella comprising a "a broad brand portfolio in the three categories hair car, hair styling and hair coloration," including product brands such as Keratin Color, Color Ultime, Simply Color, Color Boost, Gliss, and got2b.[1]

15. Defendant sells its hair products in brick-and-mortar retail shops and drugstores throughout the United States and Illinois and through its website www.schwarzkopf.com.

16. Defendant offers the Virtual Try-On feature to consumers who visit its website.[2]

17. When a consumer views a product for which the Virtual Try-On feature is available, Defendant invites him or her to access to the Virtual Try-On feature by presenting a red "Live Preview" button with a camera icon that appears on the bottom of the window showing the name and photo of the product being viewed. In each case, the "Live Preview" button is displayed directly below or next to the "Buy Now" button.

---

[1] https://www.henkel-northamerica.com/brands-and-businesses/schwarzkopf-572004 (last visited Jan. 15, 2023).
[2] https://www.schwarzkopf.com/color-lounge.html (last visited Jan. 15, 2023).







18. If the user clicks "Live Preview," the Virtual Try-On feature automatically activates his or her webcam, so that his or her real-time image appears immediately. Then, a user has two ways to "try on" the products. Either the Virtual Try-On feature overlays the chosen product onto the user's entire face, or there is a split-screen option in which the product it shown on half the user's face for comparison.

19. From there, the user can download the photo showing the product applied to his or her face and post it to social media.

20. Defendant's only attempt at providing any kind of disclosure to Plaintiff and the Class comes in the form of a link to Defendant's standard "North America Privacy Policy."[3] However, this policy does not inform the user how the user's facial geometry (a biometric identifier protected by BIPA) is collected, used, or retained in order to allow the Virtual Try-On feature to operate or otherwise.

---

[3] https://www.schwarzkopf.com/color-lounge.html (last visited Jan. 15, 2023).

21.     Furthermore, Defendant lacks a publicly available written policy establishing a retention schedule and guidelines for permanently destroying biometric identifiers or biometric information obtained from consumers, as required by BIPA.

22.     Upon information and belief, Defendant has not developed a written policy establishing retention schedules and guidelines for permanently destroying consumers' biometrics and does not destroy such data within the timeframes established by BIPA.

23.     At least three times from about September 2021 to about April 2022, from her home in Peoria, Illinois, Plaintiff Ms. Watkins visited www.schwarzkopf.com and used the Virtual Try-On feature to try on various products she was interested in.

24.     Each time, after trying on the product, Ms. Watkins decided not to purchase it. As such, Ms. Watkins did not set up an account on the website.

25.     When Ms. Watkins used the Virtual Try-On feature, Defendant captured and collected her facial geometry data. The Virtual Try-On feature could not have provided the advertised experience if Defendant did not capture and collect Ms. Watkin's facial geometry.

26.     Ms. Watkins has never been informed of the specific purposes or length of time for which Defendant collected, stored, or used her facial geometry; any biometric data retention policy developed by Defendant; or whether Defendant will ever permanently delete her biometric data.

## CLASS ALLEGATIONS

27.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 individually and on behalf of the following Class:

> All natural persons whose biometric identifiers were captured by Defendant through use of the Virtual Try-On features on Schwarzkopf's websites, including findyourcolor.schwarzkopf.com, while residing in Illinois.

28. Excluded from the Class are Defendant, their parents, subsidiaries, affiliates, officers, and directors, all persons who make a timely election to be excluded from the Class, the judge to whom this case is assigned and any immediate family members thereof, and the attorneys who enter their appearance in this action.

29. **Numerosity:** The Class members are so numerous that individual joinder of all Class members is impracticable. Upon information and belief, the Class exceeds 10,000 persons. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the records of Defendant.

30. **Commonality:** There are numerous questions of law and fact common to the Class, including but not limited to:

   a. Whether Defendant captures, collects, stores, or distributes information that qualifies as "biometric information" or "biometric identifiers" of users of the Virtual Try-On Feature on Schwarzkopf's website, as defined by 740 ILCS §§ 14/10 & 14/15;

   b. Whether Defendant failed to put in place a system or prompt to obtain an executed written release from users of Schwarzkopf's Virtual Try-On feature before capturing their biometric information and biometric identifiers;

   c. Whether Defendant developed or made publicly available a written policy establishing a retention schedule and guidelines for destroying its Virtual Try-On feature users' biometric information and biometric identifiers;

   d. Whether Defendant's conduct was and is willful, reckless, or negligent;

   e. Whether Defendant is liable for damages, and the amount of such damages; and

f.   The appropriate injunctive relief to which Plaintiff and the other Class members are entitled.

31.   **Typicality:**  Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

32.   **Adequacy of Representation:**  Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel.

**33.**   *Declaratory and Injunctive Relief.*  Rule 23(b)(2) of the Federal Rules of Civil Procedure:  Defendant has acted or refused to act on grounds generally applicable to Plaintiff and Class members, thereby making appropriate declaratory relief, with respect to the Classes as a whole.

34.   Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendant from engaging in the acts described above, such as continuing to collect users' facial geometry data through the Virtual Try-On feature.

35.   Unless a Class-wide injunction is issued, Defendant will continue to commit the violations alleged and the members of the Class will continue to have their biometric information collected in violation of Illinois law.

36.   **Superiority:**  In this lawsuit, a class action is superior to all other available methods for its fair and efficient adjudication because individual litigation of the claims of all Class members is economically infeasible and procedurally impracticable.  This proposed class action presents fewer management difficulties than individual litigation, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.  Class

treatment will create economies of time, effort, and expense and promote uniform decision-making.

37. **Predominance:** Common questions of law and fact predominate over any questions affecting only individual Class members. Similar or identical violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action. If Defendant intercepted Plaintiff's and Class members' communications, then Plaintiff and each Class member suffered damages by that conduct.

## CAUSES OF ACTION

### COUNT I
### Violation of 740 ILCS 14/15(b)
### Failure to Inform in Writing and Obtain Written Release from Users Prior to Capturing, Collecting, or Storing Biometric Identifiers
### Damages and Injunctive Relief

38. Plaintiff re-alleges and incorporates paragraphs 1 through __ as if fully set forth herein.

39. Plaintiff brings this claim individually and on behalf of the Class.

40. BIPA bars any private entity from collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's or a customer's biometric identifier or biometric information, unless it "(1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative." 740 ILCS § 14/15(b).

41. "Private entity" is defined as "any individual, partnership, corporation, limited liability company, association, or other group, however organized." *Id.* § 14/10.

42. As a corporation, Defendant is a "private entity" under BIPA.

43. A "scan of face geometry" is one of the enumerated "biometric identifiers" protected under BIPA. *Id.* § 14/10.

44. The Virtual Try-On feature on Schwarzkopf's websites takes "scans of face geometry," *i.e.*, it captured and captures Plaintiff's and the other Class members' facial geometry information.

45. Plaintiff and the Class members were never informed in writing (nor were their legally authorized representatives) that biometric identifiers were being collected, what the specific purpose was, or the length of time the identifiers would be stored. Nor did Plaintiff or the Class members (or their legally authorized representatives) ever execute a release as to the biometric identifiers Defendant collected through the Virtual Try-On feature.

46. Defendant's violations of Section 14/15(b) have harmed Plaintiff and Class members. Accordingly, Plaintiff and Class members are entitled to liquidated damages of $1,000 per negligent violation, $5,000 per willful or reckless violation, or actual damages if greater than the liquidated damages provided for by BIPA. *Id.* § 14/20.

47. In addition, Plaintiff and Class members are entitled to reasonable attorneys' fees and costs. *Id.*

48. Plaintiff and Class members are also entitled to an injunction against Defendant's collection of facial geometry data through the Virtual Try-On feature without written relief. *Id.* Absent injunctive relief, Defendant is likely continue collecting customers' biometric identifiers without written release.

49. Further, Plaintiff seeks an order requiring Defendant to disclose whether Defendant has retained Plaintiff's and the Class members' biometric identifiers, how Defendant uses Plaintiff's and the Class members' biometric identifiers, and the identities of any third parties with which Defendant shared those biometric identifiers.

**COUNT II**
**VIOLATION OF 740 ILCS § 14/15(a)**
**Failure to Develop and Make Publicly Available a Written Policy for Retention and Destruction of Biometric Identifiers**
**Damages and Injunctive Relief**

50. Plaintiff re-alleges and incorporates paragraphs 1 through __ as if fully set forth herein.

51. Plaintiff brings this claim individually and on behalf of the Class.

52. BIPA requires any private entity in possession of biometric identifiers or biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." Absent a valid warrant or subpoena, the private entity must comply with its retention schedule and destruction guidelines. 740 ILCS § 14/15(a).

53. "Private entity" is defined as "any individual, partnership, corporation, limited liability company, association, or other group, however organized." *Id.* § 14/10.

54. As a corporation, Defendant is a "private entity" under BIPA.

55. A "scan of face geometry" is one of the enumerated "biometric identifiers" protected under BIPA. *Id.* § 14/10.

56. The Virtual Try-On feature on Schwarzkopf's websites takes "scans of face geometry."

57. On information and belief, Defendant has not developed a written policy establishing a retention schedule and guidelines for permanently destroying the biometric identifiers it collects through the Virtual Try-On feature on Schwarzkopf's websites.

58. There is no publicly available written policy establishing a retention schedule and guidelines for permanently destroying the biometric identifiers Defendant collects through the Virtual Try-On feature on Schwarzkopf's websites.

59. Defendant's violations of Section 14/15(a) have harmed Plaintiff and Class members. Accordingly, Plaintiff and Class members are entitled to liquidated damages of $1,000 per negligent violation, $5,000 per willful or reckless violation, or actual damages if greater than the liquidated damages provided for by BIPA. *Id.* § 14/20.

60. In addition, Plaintiff and Class members are entitled to reasonable attorneys' fees and costs. *Id.*

61. Plaintiff and Class members are also entitled to an injunction requiring Defendant to develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying the biometric identifiers it collects through its Virtual Try-On feature on Schwarzkopf's websites. *Id.*

62. Further, Plaintiff seeks an order requiring Defendant to disclose whether Defendant has retained Plaintiff's and the Class members' biometric identifiers and if, when, and how those biometric identifiers were destroyed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Class

alleged herein, respectfully request that the Court enter judgment in her favor and against Defendant as follows:

      A.      Certifying the Class under Federal Rule of Civil Procedure 23 and naming Plaintiff as the representative for the Class and Plaintiff's attorneys as Class Counsel;

      B.      Declaring that Defendant's conduct violates BIPA;

      C.      Finding in favor of Plaintiff and the Class members on the claim asserted herein;

      D.      Awarding Plaintiff and the Class members liquidated damages of $1,000 per negligent violation, $5,000 per willful or reckless violation, or actual damages, whichever is greater for each at amounts to be determined by the Court or by the jury at trial;

      E.      Awarding Plaintiff and the Class members pre-judgment and post-judgment interest; and

      G.      Enjoining Defendant to desist from further collection of biometric identifiers without written release and to develop a written policy governing retention and deletion of biometric information;

      F.      Awarding Plaintiff and the Class members their reasonable attorneys' fees and costs; and

      H.      Awarding such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff and the putative class members hereby demand a trial by jury, pursuant to Fed. R. Civ. P. 38(b), on all issues so triable.

Dated: January 17, 2023.

Respectfully submitted,

s/ Andrew Shamis
Andrew J. Shamis, Esq.
Illinois Bar # 6337427
**SHAMIS & GENTILE, P.A.**
14 NE 1st Avenue, Suite 400
Miami, FL 33132
Telephone: 305-479-2299
ashamis@shamisgentile.com


Jeff Ostrow, Esq.
Steven Sukert, Esq.
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Telephone: 954-525-4100
ostrow@kolawyers.com
sukert@kolawyers.com


*Counsel for Plaintiff and the Putative Class*